Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4984 | DATE | DECEMBER 9, 2004 |
| CASE TITLE | KOLINSKY HAYWOOD v. ILL. STATE TOLL HIGHWAY AUTHORITY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for summary judgment [8-1] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 1 0 2004 date docketed | 19 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | DEC. 9, 2004 date mailed notice | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 10 2004

KOLINSKY HAYWOOD,  )
                   )
      Plaintiff,   )
                   )
   v.              )   No. 03 C 4984
                   )
ILLINOIS STATE TOLL HIGHWAY )
AUTHORITY,         )
                   )
      Defendant.   )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kolinsky Haywood is a former employee of defendant Illinois State Toll Highway Authority. Plaintiff is African-American and a recovering alcoholic. He alleges that defendant discharged him due to race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and due to disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Presently pending is defendant's motion for summary judgment.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the

nonmovant. Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 994-95 (7th Cir. 2003); Palmer v. Marion County, 327 F.3d 588, 592 (7th Cir. 2003); Abrams v. Walker, 307 F.3d 650, 653-54 (7th Cir. 2002). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001); Wollin v. Gondert, 192 F.3d 616, 621-22 (7th Cir. 1999). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Binz v. Brandt Construction Co., 301 F.3d 529, 532 (7th Cir. 2002); Traylor v. Brown, 295 F.3d 783, 790 (7th Cir. 2002). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir.), cert. denied, 515 U.S. 1104 (1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir.), cert. denied, 488 U.S. 852 (1988). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence

of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" Logan, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" Logan, 96 F.3d at 978 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Outlaw, 259 F.3d at 837.

On September 27, 1999, plaintiff began working for defendant as a toll collector. On October 20, 2000, plaintiff began work at 2:00 p.m. It is undisputed that, when he commenced work, plaintiff was under the influence of alcohol, with a blood alcohol level that exceeded the permissible limit for driving in Illinois. There is also no dispute that being in such a condition violated defendant's work rules. Plaintiff, however, contends that this rule was not uniformly applied and that he was treated more harshly than similarly situated White employees who were intoxicated. He also contends that his alcoholism is a disability under the ADA and that he was treated more harshly than non-alcoholic employees who were intoxicated. He also contends that, in violation of the ADA, defendant did not properly accommodate or respond to his conduct.

Plaintiff does not contend that he has any direct evidence of discrimination. Defendant contends that, under the indirect method of proof, plaintiff cannot make out a prima facie case of Title VII race discrimination because plaintiff cannot show that he was meeting defendant's legitimate expectations. See generally Davis v. Con-Way Transportation Central Express, Inc., 368 F.3d 776, 784 (7th Cir. 2004) (setting forth elements of shifting-burden, indirect method of showing employment discrimination). Citing Grayson v. O'Neill, 308 F.3d 808, 818 (7th Cir. 2002), cert. denied, 540 U.S. 824 (2003), and Peele v. Country Mutual Insurance Co., 288 F.3d 319, 329 (7th Cir. 2002),

plaintiff contends he need not show that he met defendant's legitimate expectations because he can show that non-African-American employees who failed to meet the same expectations were treated more favorably. It is unnecessary to resolve the parties' dispute regarding the application of the indirect method of proof in such a situation because plaintiff has not presented evidence sufficiently supporting that any similarly situated non-African-American was treated more favorably than he was.

It is undisputed that the following occurred regarding plaintiff's discharge.[1] During the morning of October 20, 2000, plaintiff completed drinking a bottle of gin that he had begun drinking the previous evening. Prior to his going to a toll booth to begin work at 2:00 p.m. that day, plaintiff was observed by Assistant Supervisor Diana Porro. Porro thought that plaintiff was acting strangely and might be under the influence of alcohol or some other substance. Under an applicable Directive of defendant, an employee being under the influence of alcohol or a controlled substance while on duty was considered to be a "major incident." The Directive further provided that the State Police, Plaza Supervisor, and District Supervisor were to be immediately notified. Consistent with the Directive, Porro

---

[1]In response to defendant's motion for summary judgment, plaintiff filed a Local Rule 56.1(b)(3)(B) statement of additional facts. He did not file any Local Rule 56.1(b)(3)(A) statement responding to the facts contained in defendant's Local Rule 56.1(a)(3) statement of material facts. Therefore, all the facts contained in defendant's Local Rule 56.1(a)(3) statement are deemed to be true. See Local Rule 56.1(a).

contacted Plaza Supervisor Kathy Herrington and District Supervisor Michael Wayne. Shortly after being contacted, Herrington returned to the toll plaza. Plaintiff requested permission to leave his booth and return to the plaza building.

Plaintiff went into an office in the plaza building. Both Porro and Herrington were in the office. Porro asked plaintiff if he had been drinking and he said he had not. Thereafter, a State Trooper arrived who took plaintiff into the State Police office in the plaza building. Plaintiff admitted to the Trooper that he had been drinking and voluntarily agreed to take a breathalyzer test. The result of the test was .13, which is above Illinois's .08 limit for driving a motor vehicle. Wayne arrived around 3:00 p.m., spoke to Porro, and then spoke to the Trooper who informed Wayne of the breathalyzer results. Wayne took plaintiff's employment credentials and informed plaintiff that he was off work until further notice. Wayne thereafter recommended that plaintiff's employment be terminated. Plaintiff was provided written notice of the proceedings and was eventually discharged effective November 13, 2000.

Plaintiff points to evidence that he contends shows two White employees consumed alcohol, but were not discharged. The evidence, however, does not support that those two employees were similarly situated to plaintiff. One of these employees is Jackie Cook. The only competent evidence that Cook was intoxicated at the work site is plaintiff's own testimony. This

testimony only supports that it occurred on one occasion and that Cook was off duty at the time. There is no competent evidence that this incident was even reported to any superior. On another occasion, it was reported to Herrington that Cook was intoxicated while on duty, but Herrington smelled no alcohol and was told by Cook that she had been diagnosed with diabetes. Herrington concluded that Cook was not intoxicated at the time. Since there is no competent evidence that Cook was intoxicated while on duty or that supervisors were aware of Cook being intoxicated, she was not similarly situated to plaintiff.

The other purported comparable is Frank Slansky. Evidence supports that Slansky was a part-time employee who was called into work on one of his off days. When he arrived at the workplace, but prior to punching in, he informed Herrington that he had been drinking on an expected off day. Herrington sent him home before he began work and did not report the incident up the chain of command. This is not a similar situation to that of plaintiff. Slansky did not actually begin work while intoxicated and, at the time he had been drinking, he was not expecting to be called in for work.

Because plaintiff has not made out a *prima facie* case of race discrimination, his Title VII claim will be dismissed on summary judgment.

As to the ADA claim, plaintiff also has not shown that he was meeting defendant's legitimate expectations nor that he was

treated differently than non-alcoholics. Plaintiff apparently contends that Cook and Slansky were non-alcoholics who were treated more favorably than he was treated. As previously discussed, Cook and Slansky were not similarly situated to plaintiff. Also, there is no evidence as to Cook's and Slansky's backgrounds. Plaintiff has not shown that they are non-alcoholics nor whether defendant was aware of their status as alcoholics or non-alcoholics.[2] Plaintiff has not shown that he was treated less favorably than non-alcoholics.

Defendant argues that plaintiff has not shown that his alcoholism makes him a qualified individual with a disability as is necessary to bring a claim under the ADA. See Bekker v. Humana Health Plan, Inc., 229 F.3d 662, 668-70 (7th Cir. 2000), cert. denied, 532 U.S. 972 (2001). But even assuming plaintiff has made a sufficient showing as to that element of his claim, the ADA does not prohibit discharging an alcoholic for using alcohol while working or being intoxicated while working. See 42 U.S.C. § 12114(c); Bekker, 229 F.3d at 671. Plaintiff agrees that it does not necessarily violate the ADA to discharge him for being intoxicated while working. He contends, however, that the ADA prohibits treating him less favorably than non-alcoholics who are drinking or intoxicated while working. As previously

---

[2]This is not meant to imply that either Cook or Slansky is an alcoholic. The point is that plaintiff had the burden to prove their status, but presented no evidence on the subject.

discussed, plaintiff does not provide competent evidence showing that he was treated less favorably than non-alcoholics.

Plaintiff's other contention is that defendant has been inconsistent regarding the reasons for his discharge, whether it was because he was intoxicated while working or because he allegedly refused to submit to "Med/Tox testing." These two explanations are related. They are not so inconsistent that it must be assumed that the stated reasons are pretext. In any event, plaintiff has not otherwise shown that he was meeting his employer's legitimate expectations. It is undisputed that he was intoxicated while working. Thus, plaintiff has not presented any evidence from which discrimination may be inferred. Since plaintiff has not presented evidence supporting that he was discriminated against because of an alcoholism disability, any inconsistencies in defendant's explanation for his discharge are immaterial.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [8-1] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 9, 2004